# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**March 6, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**GREGORY A. BOYCE**
**Claimant Below, Petitioner**

**vs.)    No. 22-ICA-158    (JCN: 2018020610)**

**WEST VIRGINIA DIVISION OF HIGHWAYS,**
**Employer below, Respondent**


## MEMORANDUM DECISION

Petitioner Gregory A. Boyce appeals a September 8, 2022, Order of the Workers' Compensation Board of Review ("Board") which affirmed three claim administrator orders. An order dated December 27, 2021, closed the claim for temporary total disability benefits; an order dated January 5, 2022, denied a lumbar MRI; and an order dated February 16, 2022, denied a back support from Hangar Orthotics. Respondent West Virginia Division of Highways (DOH) filed a timely response.[1] Petitioner did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's orders.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Boyce sustained a compensable injury on March 13, 2018, when the truck he was driving for the DOH was struck by another vehicle. Mr. Boyce was treated at Med Express on the date of injury through at least April 3, 2018. According to the record, Mr. Boyce complained of cervical, thoracic, lumbar, and left shoulder pain. Neither party submitted a claim administrator order recognizing the compensable conditions. However, a November 3, 2021, medical evaluation by Jennifer Lultschik, M.D., states the claim is compensable for a neck sprain, a left shoulder sprain, a lumbar sprain, and an intervertebral disc disorder with myelopathy.

According to Dr. Lultschik, Mr. Boyce underwent an MRI on April 12, 2018, which revealed a "moderate right-sided posterior lateral disc herniation at the L4-L5 level. Degenerative changes were seen at the L5-S1 level." A February 21, 2019, medical

---

[1] Mr. Boyce is represented by J. Thomas Green, Esq. The DOH is represented by Jillian L. Moore, Esq.

1

evaluation by P. Kent Thrush, M.D., states that Mr. Boyce underwent a cervical MRI on June 9, 2018, and a thoracic MRI on July 3, 2018. According to Dr. Thrush, the cervical MRI revealed "degenerative arthritis and degenerative disc disease at C5-C6, C6-C7 with moderate to severe left sided neuroforaminal stenosis at C5-C6;" the thoracic MRI revealed "a small posterior disc herniation T3-T4, otherwise negative."

Mr. Boyce was referred to Russell Biundo, M.D., and Robert Marsh, M.D., for further treatment, and on November 19, 2018, Mr. Boyce underwent a right-sided discectomy at L4-L5. Dr. Marsh performed the surgery.

Thereafter, Mr. Boyce was referred to Dr. Thrush on February 21, 2019, for the above-described medical evaluation. Dr. Thrush wrote that Mr. Boyce had "some chronic back pain into the right buttocks, but overall he feels that the surgery was helpful." Mr. Boyce also had "occasional aching in his neck" that was "not a lot different than it was prior to [the compensable injury]" and "some occasional stiffness in both shoulders and he did demonstrate very mild loss of range of motion symmetrically on both shoulders on exam today." Dr. Thrush evaluated Mr. Boyce's compensable injuries finding that Mr. Boyce was at maximum degree of medical improvement and that he had a 10% impairment to the lumbar spine. Finally, Dr. Thrush wrote that Mr. Boyce had returned to work without restrictions.

Mr. Boyce was treated by Krista Flesher, NP, on November 19, 2020. On that date, Mr. Boyce complained of worsening chronic low back pain which was radiating to the right lower extremity. Ms. Flesher diagnosed lumbago with radiculopathy (among other diagnoses) and recommended a lumbar MRI. Mr. Boyce underwent a lumbar MRI on December 22, 2020, which revealed "L4-5 postsurgical changes with improved right sided stenosis. The left side degenerative changes at this level might be slightly increased."

The record reflects that Mr. Boyce was involved in another motor vehicle collision on February 24, 2021. Mr. Boyce was referred to Gobind Singh, M.D., a pain management specialist, on April 28, 2021, who wrote that Mr. Boyce's "[p]ain onset was 3/23/2018 after [motor vehicle accident]. It has been bothersome since 2/23/2021 after he was involved in a [motor vehicle accident]." Mr. Boyce reported low back pain that radiated to the left lower extremity in the L3-L4 distribution. Dr. Singh diagnosed lumbar radiculopathy, a bulging lumbar disc, lumbar spondylosis, low back pain, degenerative disc disease, and lumbar facet arthropathy. He recommended epidural steroid injections at L3-L4 and L4-L5. A follow-up with Dr. Singh on July 7, 2021, states that Mr. Boyce's epidural steroid injections reduced his pain for three to four months, and that Dr. Singh recommended additional epidural steroid injections at L4-L5.

Rebecca Thaxton, M.D., reviewed Mr. Boyce's medical records on July 22, 2021, and recommended that the claim administrator deny the authorization request for steroid injections because Mr. Boyce's symptoms and diagnoses were attributable to an

intervening motor vehicle collision on February 24, 2021. Mr. Boyce returned to Dr. Singh on September 20, 2021, with the same symptoms. Dr. Singh examined Mr. Boyce and diagnosed lumbar radiculopathy, degenerative disc disease, lumbar spondylosis, a bulging disc, and a history of lumbar surgery. He referred Mr. Boyce back to Dr. Marsh "for possible surgery for left sided radicular symptoms which are not responsive to injection therapy."

On September 21, 2021, Ms. Flesher requested that Mr. Boyce receive temporary total disability benefits from February 22, 2021, through that date. On October 27, 2021, Mr. Boyce returned to Dr. Marsh's office. Dr. Marsh wrote that Mr. Boyce "was involved in a [motor vehicle collision] in February [of 2021] and has had [low back pain] into the [left lower extremity] since then that is worsening despite being in [physical therapy]." Dr. Marsh requested authorization for another lumbar MRI.

Mr. Boyce saw Dr. Lultschik on November 3, 2021, for a medical evaluation. Mr. Boyce reported low back pain that radiated down the left leg, lower extremity weakness (Mr. Boyce reported instances of falling), and numbness and tingling in both feet. Ms. Boyce was not working, and he was receiving temporary total disability benefits. Dr. Lultschik examined Mr. Boyce and stated that his lumbar and left lower extremity symptoms were related to non-compensable pre-existing degenerative disc disease, and that Mr. Boyce's lumbar surgery treated pre-existing pathology. According to Dr. Lultschik, Mr. Boyce's treatment at the time was for "chronic degenerative conditions." Dr. Lultschik believed Mr. Boyce was at maximum degree of medical improvement, that he would not need any further treatment for the compensable conditions, and that he was fully compensated with the prior 10% permanent partial disability award.

On November 8, 2021, Dr. Thaxton issued a "Physician Review," stating that Mr. Boyce's request for a lumbar MRI should be denied. Dr. Thaxton noted that Mr. Boyce had left lower extremity symptoms which were not present before the second motor vehicle accident, and she believed Mr. Boyce's symptoms were related to an intervening second motor vehicle collision. On December 13, 2021, Ms. Flesher requested authorization for Mr. Boyce to receive a back support from Hanger Orthotics. However, on January 24, 2022, Syam Stoll, M.D., issued a Physician Review, recommending that the claim administrator deny the request for a back support. Dr. Stoll based this recommendation on Dr. Lultschik's statement that Mr. Boyce was at maximum degree of medical improvement and in need of no further treatment from the compensable injury.

On December 27, 2021, the claim administrator closed the claim for temporary total disability benefits based on Dr. Lultschik's finding of maximum degree of medical improvement; on January 5, 2022, the claim administrator denied Mr. Boyce's request for an MRI based on Dr. Thaxton's Physician Review; and on February 16, 2022, Mr. Boyce's request for a back support was denied based on Dr. Stoll's Physician Review. Mr. Boyce protested to the Board.

On September 8, 2022, the Board issued an order affirming the three claim administrator denials at issue in this decision. The Board observed that Mr. Boyce had intervening injuries since the compensable injury and lumbar surgery, and that Dr. Lultschik found Mr. Boyce at maximum degree of medical improvement and in need of no further treatment for the compensable injuries. The Board also questioned whether Mr. Boyce had radiculopathy. The Board concluded that Mr. Boyce was not entitled to additional temporary total disability benefits because he was at maximum degree of medical improvement, that another lumbar MRI would not treat the compensable injury, and that Mr. Boyce did not demonstrate that a back support was medically necessary. It is from the Board's September 8, 2022, order that Mr. Boyce now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion

After reviewing the record before this Court, we determine that the Board's order should be affirmed. The Board correctly noted that Mr. Boyce was in an intervening motor vehicle collision in February of 2021, and the Board was not clearly wrong when it determined that Mr. Boyce was at maximum degree of medical improvement and in need of no further treatment for the compensable injury in this claim. After Mr. Boyce's lumbar surgery, he improved and returned to work without restrictions. Mr. Boyce may have had some lumbar symptoms after surgery, but the record demonstrates that his inability to work and need for treatment is not related to the compensable injury in this claim. In fact, Dr. Marsh wrote on October 27, 2021, that Mr. Boyce was in a motor vehicle collision in February of 2021, and that Mr. Boyce had low back pain that radiated into the left lower extremity since the second accident. The Board was not clearly wrong. Finding no error, we affirm the Board's September 8, 2022, order.

4

Accordingly, we affirm.

Affirmed.

**ISSUED:** March 6, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen

Judge Thomas E. Scarr, not participating.